Leroy Alan BLUHM, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C8–84–1096.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Thomas K. Kraus, John H. McLoone, IV, McLoone Law Office, Waseca, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK, and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This is an appeal from an order rescinding the Commissioner of Public Safety's revocation of respondent's driver's license pursuant to Minn.Stat. § 169.123, subd. 4 (1982). Respondent was arrested for driving while under the influence of alcohol, and a subsequent breath test revealed an alcohol concentration of more than .10. Following an implied consent hearing, the trial court rescinded the Commissioner's revocation. We reverse.

## FACTS

On March 31, 1984, at approximately 6:45 p.m., State trooper Daniel Murphy, traveling west on Highway 14, met two motorcyclists traveling east side by side. Based on radar readings and visual observation, Murphy concluded the two cyclists were speeding. He made a U-turn and signaled them both to stop.

Respondent LeRoy Bluhm pulled over, but the other cyclist, James Milbrett, continued for about another one-eighth of a mile down the road. Murphy took Milbrett's driver's license and then returned to where Bluhm had stopped. Murphy took Bluhm's driver's license and told him to follow the squad car on his motorcycle to the place where Milbrett was stopped.

When he had the two drivers together, Murphy told them they had been clocked at 68 miles an hour and would be cited for speeding. He had Bluhm get into the patrol car. After Bluhm was in the car, Murphy noticed a strong odor of alcohol. He also saw that Bluhm's eyes were bloodshot and watery and his speech was slurred. He had Bluhm perform a field sobriety test, the recitation of the alphabet,

and Bluhm failed the test on all attempts. Murphy then administered a preliminary breath test, which Bluhm also failed.

Bluhm was then placed under arrest for driving while under the influence of alcohol, and the implied consent advisory form was read to him. He was taken to the Waseca County Sheriff's office, where the implied consent advisory form was again read to him. Bluhm consented to a breath test, stipulated as properly administered and resulting in an accurate reading of over .10.

At the close of the implied consent hearing the trial court stated:

The Court is satisfied there was a probable cause established for the stop because of the officer's observations both visual and by radar. I am concerned about the fact that the trooper stopped the fellow driving a motorcycle and then let him drive it again. The Commissioner's Order is rescinded.

## ISSUE

Did the trooper have reasonable and probable grounds to believe that respondent had been driving while under the influence of alcohol?

## ANALYSIS

The basis for the trial court's order rescinding Bluhm's license revocation is unclear. Bluhm contends the trial court decided trooper Murphy had probable cause for the *stop* but lacked probable cause for the *arrest*. A decision on this ground is erroneous. The record clearly shows that Murphy lawfully stopped Bluhm for speeding and that Murphy's subsequent observations reasonably led to the conclusion that Bluhm was under the influence of alcohol. When Bluhm was unable to recite the alphabet, Murphy administered a preliminary breath test. Under Minn.Stat. § 169.121, subd. 6 (1982), a preliminary breath test may be administered when an officer has reason to believe that a driver may have been driving while under the influence. Following the failed preliminary breath

test, Bluhm was properly read the implied consent advisory form and was properly read the implied consent advisory form and was properly administered a breath test pursuant to Minn.Stat. § 169.123, subd. 2 (Supp.1983).

The State maintains that the trial court rescinded the Commissioner's order because Murphy directed Bluhm to move his motorcycle after he was stopped. The State argues that this ground is not enumerated in the statute, not specified in the petition for judicial review, and not raised by Bluhm as a basis for rescission.

The trooper's direction to Bluhm to move his motorcycle an eighth of a mile, even if properly raised, would not provide a basis for rescinding the revocation. It might be argued that the trooper's allowing Bluhm to drive the motorcycle after he was stopped belied a belief that Bluhm was under the influence of alcohol and rendered the probable cause infirm. However, Murphy did not observe the symptoms of intoxication until *after* Bluhm had moved his motorcycle and was seated in the patrol car. Rescinding the revocation because Murphy had Bluhm move his motorcycle prior to the investigation is unwarranted.

### DECISION

The trooper had reasonable and probable grounds to believe that Bluhm had been driving while under the influence of alcohol and the additional alternative bases of a failed screening test and a valid arrest. The revocation of Bluhm's driving privileges was proper, and the rescission of that order was error.

The order of the trial court rescinding the revocation of respondent's driver's license is reversed.

Reversed.